# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDESA SERVICES, INC., a Pennsylvania corporation, | : : : |
| Plaintiff, | : : |
| v. | :  C.A. No. _____ |
| | : : |
| HERMANNS SONS LIFE, a Texas corporation, | : : : |
| Defendant. | : : |

## COMPLAINT

Plaintiff Andesa Services, Inc., a Pennsylvania corporation, ("Andesa") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Andesa Services, Inc. brings this action to recover damages and other relief available at law or in equity against defendant Hermann Sons Life ("HSL") for the latter's material breaches of that certain Andesa Services, Inc. Master Services Agreement dated May 20, 2020 (the "Agreement") between the parties pursuant to which Andesa licensed certain application software and provided certain professional services to HSL for which payment of $573,521.26 (together with interest) is well past due and owing. In the alternative, Andesa asserts a claim against HSL in quasi-contract for the value of the services which it delivered to

HSL and seeks damages in amount of approximately $600,000.00. A claim for attorneys' fees is also asserted.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is proper in this case on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) in that plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00.

3. This Court has personal jurisdiction over the defendant because Section 14.7 of the Agreement contains a provision whereby the parties have consented to the jurisdiction and venue of any dispute being the state or federal courts located in the State of Delaware. This Court's exercise of personal jurisdiction over the defendant is also consistent with the requirements of the Due Process Clause of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) because of the forum selection clause in the Agreement between the parties. There is no other venue in the United States that would be more appropriate for this action than the State of Delaware.

## FACTUAL BACKGROUND

**THE PARTIES**

5. Andesa is an employee-owned provider of policy lifecycle solutions for the life insurance and annuity industry.  Andesa's solutions are delivered through application software – the Andesa System – which is licensed to carriers, brokers, key stakeholders, and other participants.

6. HSL is an issuer of life insurance and annuities based in San Antonio, Texas.

**THE FACTS**

7. Andesa and HSL began discussions regarding HSL's licensing of the Andesa System  in late 2016, pursuant to a Non-Disclosure Agreement dated November 14, 2016.

8. On June 21, 2019, Andesa and HSL entered into a Letter of Intent pursuant to which HSL confirmed its intention to enter into a "contractual relationship" with Andesa for "Andesa's systems" and Andesa agreed to begin work on implementation in advance of a formal agreement.

9. On May 20, 2020, Andesa and HSL entered into that formal agreement, namely, the Agreement.

10. The Agreement provided, "in consideration of the payment of Andesa's fees and expenses" that HSL would obtain "…a non-exclusive and non-transferable

right to Use, by Remote Access from locations only within the United States, those portions of the Andesa System specified in the Orders for Client's internal business purpose only." Agreement § 1.1.

11. Payment for the right and license to the Andesa System was to be made in accordance with "Orders" signed by the parties. Agreement, §§ 1.1, 2.2.

12. The Agreement further provided that HSL would purchase professional services pursuant to one or more "statements of work." Agreement §§ 2.1, 2.2.

13. HSL and Andesa signed Statement of Work One on May 7, 2021 ("SOW #1") that provided that HSL would be "billed on a T&M (time and materials) basis" for professional services at agreed-upon rates.

14. On February 11, 2022, HSL and Andesa signed Project Change Order (PCO) #1 ("PCO #1") for professional services to be provided in connection with the implementation of the Andesa Financial Administration System ("AFAS") for HSL.

15. Relying on PCO #1, Andesa thereafter provided HSL with the contracted-for services and during the course of performance Andesa timely issued invoices pursuant to PCO #1 which have not been paid.

16. HSL owes Andesa the sum of $400,000.00 for the services rendered by Andesa pursuant to PCO #1.

17. On June 6, 2022, HSL and Andesa signed Project Change Order (PCO) #2 ("PCO #2") for additional services to be provided to HSL in connection with AFAS.

18. Relying on PCO #2, Andesa thereafter provided HSL with the contracted-for services and during the course of performance Andesa timely issued invoices pursuant to PCO #1 which have not been paid.

19. HSL owes Andesa the sum of $39,543.76 for the services rendered by Andesa pursuant to PCO #2.

20. Beginning in August 2022, Andesa has made repeated demands for payment of the past due sums but continued to perform contracted-for services.

21. Finally, on or about October 1, 2022, Andesa advised HSL that, unless HSL tendered payment on or before October 17, 2022, Andesa would stop work. HSL neither tendered payment of past due sums nor promised that payment was forthcoming and Andesa stopped work on October 17, 2022.

22. On October 18, 2022, HSL refused further payment and asserted meritless claims against Andesa as the basis for its decision to withhold payment.

23. On December 16, 2022, Andesa issued Invoice ASI22-427 to HSL which included charges for services rendered by Andesa pursuant to POC #1 and PCO #2 for the period from October 1, 2022 to October 17, 2022, in the amount of $133,977.50.

SL1 1962777v1 102113.00085

24. HSL currently owes Andesa the sum of $573,521.26 for services rendered to HSL.

25. The Agreement provides that Andesa may collect interest upon all sums more than 30 days past due at the rate of 1.5% per month. Agreement § 7.3.

26. The Agreement, at Section 14.8, also provides that the parties shall meet to attempt, in good faith, to resolve a dispute before resorting to litigation but HSL (through its counsel) has refused to attend such a meeting.

27. Andesa has satisfied all of its contractual obligations to HSL.

## FIRST CAUSE OF ACTION
BREACH OF CONTRACT

28. Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this Complaint.

29. HSL has failed and refused to pay Andesa sums due to Andesa pursuant to the Agreement, SOW #1, PCO #1 and PCO #2 in the principal amount of $573,521.26.

30. In so doing, HSL materially breached the Agreement.

31. Andesa has fully performed its obligations under the Agreement, SOW #1, PCO #1 and PCO #2.

32. Andesa is entitled to a judgment against HSL in the amount of $573,521.26 together with prejudgment and post judgment interest.

## SECOND CAUSE OF ACTION
RECOVERY IN QUASI-CONTRACT
FOR THE VALUE OF SERVICES DELIVERED

33. Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this Complaint.

34. Andesa has delivered services to HSL at HSL's request.

35. HSL understood, when requesting such services, that Andesa expected payment therefor.

36. The reasonable value of such services is at least $600,000.00.

37. Alternatively, Andesa is entitled to recover the reasonable value of such services in quasi-contract.

38. Andesa is entitled to a judgment against HSL in the amount of the reasonable value of such services.

## PRAYER FOR RELIEF

**WHEREFORE**, Andesa respectfully requests that the Court enter a judgment against HSL as follows:

   a.   against HSL in the amount of $573,521.26 together with prejudgment and post judgment interest; or

   b.   the reasonable value of the services delivered to HSL by Andesa; and

   c.   interest as provided by the Agreement; and

    d.    for an award of attorneys' fees and costs as provided in the parties' Agreement, or otherwise as appropriate; and

    e.    such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action on all claims so triable.

**STEVENS & LEE, P.C.**

*/s/ Melissa N. Donimirski*
Melissa N. Donimirski (#4701)
Alexis R. Gambale (#7150)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5190
melissa.donimirski@stevenslee.com
alexis.gambale@stevenslee.com

*Attorneys for Plaintiff Andesa Services, Inc.*

OF COUNSEL:

STEVENS & LEE, P.C.
Elliott J. Stein
100 Princeton Pike, Suite 200
Lawrenceville, NJ 08648
Tel: (609) 987-7050
elliott.stein@stevenslee.com

Dated: November 22, 2023

SL1 1962777v1 102113.00085